UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

ARTHUR SHELTON McGRUDER,

CASE NO.: 14-04652-3TBA3

Debtor.

## DEBTOR'S CHAPTER 13 PLAN

The Debtor submit the following Chapter 13 Plan.

1. The future earnings of the Debtor is submitted to the supervision and control of the Trustee, and the Debtor shall pay to the Trustee the sum of **$474.00** per month for sixty (60) months.

2. The life of this Plan shall be **sixty (60)** months.

3. From the payments so received, the Trustee shall make disbursement as follows:

A. **PRIORITY CLAIMS**

1. The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of ten percent (10%) of the amount of all payments under the plan.

2. **REHAN N. KHAWAJA** is owed the sum of $3,000.00 for representing the Debtor in this case. The Trustee shall pay this sum by nineteen (19) payments of $150.19 per month, commencing from the first (1st) month of the Plan and continuing through the nineteenth (19th) month of the Plan and one (1) payment of $146.39 in the twentieth (20th) month of the Plan.

**B.    SECURED CLAIMS**

1. **REGIONAL ACCEPTANCE COMPANY** holds a purchase money security interest in Debtor's 2012 Dodge Avenger. The Debtor(s) shall value this secured claim at $16,300.00. The Trustee shall pay the foregoing amount, together with interest at the rate of four percent (4.00%) per annum simple interest over the life of the Plan by nineteen (19) payments of $200.00 per month, commencing from the first (1st) month of the Plan and continuing through the nineteenth (19th) month of the Plan; one (1) payment of $203.80 in the twentieth (20th) month of the Plan, and forty (40) payments of $350.19 per month, commencing from the twenty-first (21st) month of the Plan and continuing through the sixtieth (60th) month of the Plan. The total amount along with interest paid on this claim shall be $18,011.36.

2. **CAPITAL ONE RETAIL SERVICES** holds a purchase money security interest in Debtor's 2011 Yamaha V-Star. The Debtor(s) shall value this secured claim at $4,000.00. The Trustee shall pay the foregoing amount, together with interest at the rate of four percent (4.00%) per annum simple interest over the life of the Plan by sixty (60) payments of $73.67 per month, commencing from the first (1st) month of the Plan and continuing through the sixtieth (60th) month of the Plan. The total amount along with interest paid on this claim shall be $4,419.97.

**C.    UNSECURED CLAIMS**

1. All unsecured creditors, including those secured creditors who have deficiency claims, who timely filed their claims shall receive distribution pro-rata. The Trustee shall distribute to the unsecured creditors by sixty (60) payments in the sum of $2.00 per month, commencing from the first (1st) month of the Plan and continuing through the sixtieth (60th)

month of the Plan.

### D. MISCELLANEOUS PROVISIONS

1. The Debtor(s) do/does not reject any executory contracts.

2. Title to all property of the estate shall revest in the Debtor(s) upon confirmation of this Plan, subject to all vested liens.

3. Each allowed secured mortgage claim account shall be deemed current as of the date of confirmation for the purpose of requiring annual timely escrow account statements pursuant to the provisions of 24 C.F.R., §3500.17(i). This provision does not excuse the Debtor(s) from making the required payments under the terms of this Plan.

4. Any claims filed after the claims deadline, shall receive no distribution under this Plan unless specifically provided for above. This shall not apply to claims filed by the Debtor(s).

5. Any mortgage lien holder who has established, or who will establish, an escrow account in connection with the mortgage loan shall (a) conduct an annual escrow analysis in the debtor's account; (b) notify the Debtor(s) and the Chapter 13 Trustee on an annual basis if there is an escrow account deficiency, stating the amount of such deficiency and the reason for the deficiency; (c) furnish the debtor and the Chapter 13 Trustee an annual escrow account statement that meets the requirements of 12 C.F.R., §3500.17(i). Any such escrow analysis must be performed in a timely manner so as to allow payment of taxes and insurance premiums at the discount provided by applicable State law.

6. Confirmation of this Plan shall mean that the Debtor(s) has/have met all requirements of 11 USC § 521(a)(1).

3

7. Except as provided for in the Plan, the order confirming the Plan or other court order, no interest, late charges, penalties or attorney's fees will be paid or accessible by any secured creditor. 11 U.S.C. Section 1327(a) provides:

> "The provisions of a confirmed Plan bind the debtor(s) and each creditor, whether or not the claim of such creditor provided for by the Plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan."

8. Confirmation of the Plan shall impose an affirmative duty of the holders and/or the servicer's of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor(s) to do all of the following:

I    To apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages. For purposes of this Plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall have a zero balance upon the entry of the Discharge Order in this case.

II    To deem the pre-petition arrearages as contractually current upon confirmation of the Plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default of defaults.

III    To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtor(s) to the month in which each payment was designated to be made under the Plan or directly by the Debtor(s), whether

or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense forbearance, or similar account.

9. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the Plan, unless specifically provided for in this order, or by further order of the Court on motion filed prior to completion of the Plan.

10. The fees and expenses of the Trustee provided for in Paragraph A(1) are set by the United States Trustee. Should the percentage of these fees and expenses are reduced by the United States Trustee's office, the Debtor's monthly payment shall change accordingly to reflect the change in the Trustee's commission.

**DATED:** This 24th day of September, 2014.

/s/ Rehan N. Khawaja
**REHAN N. KHAWAJA, ESQUIRE**
Florida Bar No. 0064025
Bankruptcy Law Offices of Rehan N. Khawaja
817 North Main Street
Jacksonville, Florida 32202
Telephone:   (904) 355-8055
Facsimile:    (904) 355-8058
Email:         khawaja@fla-bankruptcy.com

Attorney for Debtor